IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nelson Alberto CONTRERAS-GELVES,

       Petitioner,

v.

J.L. JAMISON, et al.,

       Respondents.

CIVIL ACTION
NO. 26-4429

**<u>ORDER</u>**

**AND NOW**, this 20th day of July 2026, upon consideration of Petitioner Nelson Alberto

Contreras-Gelves's Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Motion to Stay

Transfer (Doc. No. 4), Petitioner's Motion for Oral Argument (Doc. No. 5), Respondents'

Response in Opposition to Petitioner's Motion to Stay Transfer and Petitioner's Motion for Oral

Argument (Doc. No. 6), and Respondents' Response in Opposition to Petitioner's Habeas

Petition (Doc. No. 7), the Amicus Brief (Doc. No. 10), and Petitioner's Reply (Doc. No. 11), it is

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]

It is **FURTHER ORDERED** as follows:

---

[1]   Petitioner Nelson Alberto Contreras-Gelves ("Petitioner") is a citizen of Venezuela who
Entered the United States in March 2022.  (Doc. No. 1 at 4.)  On June 27, 2026, Petitioner
was arrested by United States Immigration and Customs Enforcement ("ICE") agents.  (<u>Id.</u> at
5–6.)  Petitioner is currently at the Federal Detention Center in Philadelphia. (<u>Id.</u> at 6); <u>see
also</u> U.S. Immigr. & Customs Enf't, <u>Online Detainee Locator System</u>,
https://locator.ice.gov/odls/#/search (last accessed July 20, 2026).

On June 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which
is now before the Court.  In that Petition, he asks the Court to order his release.  (<u>Id.</u> at 3, 10.)
On July 15, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition.
(Doc. No. 3.)  The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (Doc. No. 1 at 6–10.) Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See Doc. No. 3 at 1–2.) However, because (1) Petitioner's statutory claims, if successful, afford him the relief his Due Process Claim would afford him, and (2) his detention has only lasted for a short duration, the Court will focus its analysis only on Petitioner's statutory claims. See Matos Nunez v. Jamison, No. 25-7347,
(Doc. No. 6 at 2) (E.D. Pa. Mar. 3, 2026) (narrowing its analysis to petitioner's statutory claims when the due process claims were predicated on them and petitioner's detention period was brief).

Next, Respondents assert that their authority to detain Petitioner stems from 8 U.S.C. §1225(b)(2). (Doc. No. 3 at 1–2.) That distinction is critical because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for release is baseless.

This Court previously addressed Respondents' contentions in Nogueira-Mendes v. McShane, No. 25-cv-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. While the Court has considered the Fifth and Eighth Circuits' contrary interpretation of the dueling INA provisions at issue here, the Court finds no reason to depart from its prior findings in Nogueira-Mendes or the chorus of unanimous rulings from Judges in this District. See Vimos v. Fed. Det. Ctr. Philadelphia, No. 26-cv-780, 2026 WL 381173, at *n.12 (E.D. Pa. Feb. 11, 2026) (rejecting the Fifth's Circuit holding in Buenrostro-Mendez); De Andrade v. Rose, No. 26-cv-603, 2026 WL 401189, at *5 (E.D. Pa. Feb. 12, 2026) (same). Consequently, here, the Court holds that only Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by July 31, 2026. If Respondents do not hold a bond hearing by July 31, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Nelson Alberto Contreras-Gelves' Petition for Writ of Habeas Corpus (Doc. No. 1).

1) Petitioner's Motion to Stay Transfer (Doc. No. 4) and Petitioner's Motion for Oral Argument (Doc. No. 5) are **DENIED.**[2]

2) By July 31, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

3) If Respondents fail to hold a bond hearing by August 7, 2026, they must release Petitioner from detention while he awaits the bond hearing.

4) By August 7, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.

---

[2] On July 2, 2026, Petitioner also filed a Motion to Stay Transfer out of the Eastern District of Pennsylvania (Doc. No. 4) and a Motion for Oral Argument (Doc. No. 5). That same day, Respondents filed a Response in Opposition to both Motions (Doc. No. 6).

Because Petitioner is still detained in the Federal Detention Center in Philadelphia, the Court will deny the Motion to Stay Transfer (Doc. No. 4). Additionally, because Petitioner's case does not present a novel issue of law or fact to distinguish it from other habeas petitions before the Court, the Court will deny the Motion for Oral Argument (Doc. No. 5). (See Doc. No. 7 at 2) (noting this is a Q. Li case, in which a petitioner is re-detained after being detained at the border upon entry to the United States).