**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nelson Alberto CONTRERAS-GELVES,<br><br>Petitioner,<br><br>v.<br><br>J.L. Jamison, et al.,<br><br>Respondents. | CIVIL ACTION<br>NO. 26-4429 |

**ORDER**

**AND NOW**, this 19th day of August 2026, upon consideration of Petitioner's Motion to Enforce (Doc. No. 16) and the Government's Response in Opposition (Doc. No. 18), it is **ORDERED** that Petitioner's Motion (Doc. No. 16) is **DENIED**.[1]

[1] By way of background, this case arises out of Petitioner Nelson Alberto Contreras-Gelves ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. No. 1.) The Court is familiar with the facts of Petitioner's case, which are set forth in the Order granting the Petition dated July 20, 2026. (See Doc. No. 13.) In the July 20, 2026 Order, the Government was directed to provide Petitioner with a bond hearing by July 31, 2026, or to release him by August 7, 2026. (Id. at 3.)

On July 30, 2026, a bond hearing was held before an immigration judge, as directed in the July 20, 2026 Order. At the bond hearing, Petitioner submitted a brief in support of his bond determination (see Doc. No. 16–2 Ex. 3 Brief in Support of Bond Determination), presented arguments (see Doc. No. 16–2 Ex. 4 Bond Hearing Transcript), and submitted documents into evidence (see Doc. No. 16–2 Ex. 2 Evidentiary Submissions in Support of Bond) demonstrating his ties to the community, his marriage to a United States citizen, and his departure from Venezuela to avoid political persecution. The presiding immigration judge determined, however, that Petitioner was a flight risk and ordered that Petitioner remain in federal custody. (Doc. No. 16-2 Ex. 4 at 14:37–20:40; see also id. Ex. 5.) In reaching this determination, the immigration judge noted (1) Petitioner's recent and unlawful entry into the United States, (2) Petitioner's recent and limited ties to the community, and (3) the immigration judge's "concerns about the veracity" of Petitioner's claims in his pending asylum application. (Id. Ex. 5.)

In response to being denied bond, Petitioner filed on August 7, 2026 a Motion to Enforce this Court's July 20, 2026 Order. (Doc. No. 16.) On August 14, 2026, Respondents filed a Response in Opposition. (Doc. No. 18.) The Motion to Enforce (Doc. No. 16) is now ripe for disposition.

---

Petitioner's Motion to Enforce (Doc. No. 16) will be denied for two reasons: (1) this Court lacks jurisdiction to overturn the decision rendered by the immigration judge on July 31, 2026, and (2) Petitioner has not demonstrated the bond hearing was so fundamentally unfair as to deprive him of due process.

First, this Court lacks jurisdiction to "review any discretionary determinations underlying the [immigration judge's] bond decision." See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-cv-1908, 2022 WL 574624, at *2 (3d Cir. 2022 Feb. 25, 2022) (citing 8 U.S.C. § 1226(e)) (declining to address the merits underlying an immigration judge's decision to deny bond because "[a] motion to enforce is not the proper avenue to relitigate the merits of a bond order.")). Instead, Petitioner must appeal the immigration judge's July 31, 2026 decision directly to the Board of Immigration Appeals ("BIA"). See Lino v. Soto, No. 25-18518, 2026 WL 63678, at *2 (D.N.J. Jan. 8, 2026) (noting that "any challenge" to the immigration judge's decision to deny bond "must be presented to the [BIA]."). Thus, Petitioner's recourse lies with the BIA's appeals process—not with this Court. (Id.)

Second, Petitioner likewise fails to illustrate how the July 30, 2026 bond hearing did not comport with the requirements of due process. A fundamentally fair bond hearing that complies with the requirements of due process has three critical elements: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the ability to make arguments in support of the petitioner's position; and (3) the right to an individualized determination of one's interests. Ghanem, 2022 WL 574624, at *2. A district court "is not permitted to re-weigh evidence or determine credibility; that is committed to the discretion of the IJ." Zheng v. Rokosky, 826 F. Supp. 3d 545, 555 (D.N.J. 2026).

The record reflects that Petitioner's bond hearing on July 30, 2026 comported with the minimum requirements of due process. First, Petitioner had the opportunity to produce a fulsome record with numerous exhibits to the immigration judge both before and during the bond hearing. (See Doc. No. 16–2 Ex. 4 at 02:18–11:32, 24:43) (referencing evidence submitted to the immigration judge, which the immigration judge confirmed was "filed," "part of the record" before her, and that she "reviewed everything in this case.").

Second, Petitioner was able to make arguments in support of his position. (See id. at 02:18–11:32) (counsel for Petitioner contending that Petitioner is neither a danger to the community nor a flight risk, including the fact that he has a fixed address in the United States.) The fact that the immigration judge did not permit live testimony at the hearing from witnesses—many of whom submitted materials before the immigration judge—did not negate his ability to make arguments.

Third, the immigration judge made two individualized determinations that Petitioner was not a danger to the community, but he was a flight risk. (See id. at 14:37–20:40.) In doing so, the immigration judge weighed Petitioner's marriage, his ties to the community, his time in the country, his recent and unlawful entry, and the likelihood that he lacked a viable path to lawful status in the country. (See id.) Further, the immigration judge explained her decision in an Order published the day after the hearing. (See Doc. No. 16–2, Ex. 5); see also Tkachev v. ICE Philadelphia FOD McShane, No. 26-cv-2372, 2026 WL 1906074, at *3 (E.D. Pa. July 1, 2026)

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.

---

(holding that an immigration judge "who explained why he found [petitioner] was a danger to the community and a flight risk[] did not 'clearly and unambiguously violate' due process."); Zheng, 826 F. Supp. 3d at 556 (holding that the bond hearing in its case only violated the Due Process Clause because the immigration judge "erroneously stated that she lacked jurisdiction . . ., failed to provide any explanation whatsoever for her supposed alternative holding that Petitioner is a flight risk, and by all appearances acted as a 'mere rubber-stamp.'").

While Petitioner may disagree with the outcome of the bond hearing, such disagreement does not imply that Petitioner's rights under the Due Process Clause were violated. Ghanem, 2022 WL 574624, at *3.

Additionally, Petitioner submits that the immigration judge denied him due process because she failed to provide "consecutive and complete" interpretations at the hearing. (Doc. No. 16-1 at 17.) While the immigration judge did not provide word-for-word interpretation, she permitted a Spanish interpreter to summarize arguments and her eventual holding. Petitioner's argument that he "would have" rebutted the judge's findings "regarding the depth of [Petitioner's] connections in the United States" if he was offered translation is similarly without merit, as the transcript shows that (1) each of the judge's factual findings were promptly translated to Spanish, but (2) Petitioner did not respond to any of her findings. (See Doc. No. 16–2, Ex. 4 at 19:14.)

Petitioner's final argument is that the immigration judge failed to consider whether a "high monetary bond or alternatives to detention could mitigate flight risk." (Doc. No. 16-1 at 17.) For this argument, Petitioner cites to no binding authority that the failure to consider other conditions of release results in a due process violation. Importantly, the immigration judge found that "no amount of bond will mitigate [Petitioner's] risk of flight," indicating that she did, in fact, consider high monetary bond and conditions short of detention. (Doc. No. 16–2, Ex. 4 at 19:14).

Because the immigration judge reviewed the record produced to her, allowed counsel to argue in support of Petitioner's position, and made individualized determinations, the Court will deny Petitioner's Motion to Enforce the July 20, 2026 Order (Doc. No. 16).